Dear Representative Holden:
I am in receipt of your request on behalf of the concerned citizens and parents of Iberville Parish for an Attorney General's opinion concerning HB 118, Act 42, paragraph 2. You seek clarification of the language in the bill and the effect it may have on the public school system in Iberville Parish.
H.B. 118, Act 42, amends and reenacts LSA-R.S. 17:81(A). Paragraph 2 of that bill provides the following:
 (2) Each city and parish school board shall select teachers and all other certified personnel from recommendations made by the city or parish superintendent regarding the hiring and placement of all personnel for which state certification is required. It shall be the responsibility of the superintendent to ensure that all persons recommended have proper certification and are qualified for the position. Nothing shall prevent a school board from rejecting the recommendations made by the superintendent and requiring the superintendent to submit additional recommendations.
The language in paragraph 2 is new; H.B. 118, Act 42, was passed June 16, 1998. Previously, the law required nominations for teachers from the city or parish superintendent, but nevertheless allowed local school boards to "elect teachers without the endorsement of the superintendent." The current law requires recommendations from the superintendent for teachers as well as all other certified personnel regarding the hiring and placement of all personnel for which state certification is required. Black's Law Dictionary, fifth edition, defines nomination and recommendation as follows:
 Nomination. An appointment or designation of a person to fill an office or discharge a duty. The act suggesting or proposing a person by name as a candidate for an office.
 Recommendation. The act of one person in giving to another a favorable account of the character, responsibility, or skill of a third.
It appears that a recommendation of an individual for employment is more influential than a nomination. Additionally, paragraph two now requires the city or parish superintendent to ensure that all persons recommended have proper certification and are qualified for the position in which they are applying.
Furthermore, as noted above LSA-R.S. 17:81(A)(1) previously allowed the city and parish school board to select teachers provided that a majority of the full membership of the board elected the teacher(s) without the endorsement of the superintendent. This language is now deleted from the statute. Paragraph two now allows a school board to reject the recommendations made by the superintendent, requires the superintendent to submit additional recommendations, and limits the selection of certified personnel by the board to individuals recommended by the superintendent.
In summary, LSA-R.S. 17:81(A)(2) requires the superintendent of schools in a city or parish to make recommendations instead of nominations of teachers as well as all personnel for which state certification is required. It also requires the superintendent to ensure that all persons recommended have proper certification and are fully qualified for the position in which they are applying. Finally, paragraph two allows the school board to reject the recommendations made by the superintendent, requires the superintendent to submit additional recommendations, and limits the selection of certified personnel by the board to individuals recommended by the superintendent.
I hope this opinion has sufficiently addressed your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: BETH CONRAD LANGSTON ASSISTANT ATTORNEY GENERAL
RPI/BCL/sc